WILLIAM BAILEY et al. v. WILLIAM STILES et al.

An express denial in an answer of a fact of which the defendants admit themselves to be ignorant, is not a satisfactory denial of the complainant's equity.

If an injunction is prayed for in the bill, but is omitted in the prayer for process, an injunction ought not to issue without an amendment of the bill.

THE complainants filed their bill for the discovery and production of the will of Benjamin Bailey, deceased, and for the establishment of said will. The complainants claim to be devisees under the will, and charge that the will was destroyed after the testator's death.* Actions at law having been instituted by the defendants for the recovery of part of the devised premises, application was made for an injunction to restrain proceedings at law. The cause was heard upon motion for the injunction. The chancellor having been concerned as counsel for one of the parties, the matter was referred to Elias Vanarsdale, esquire, one of the masters of the court, before whom the motion was argued.

*J. W. Miller*, for complainants.

*S. Scudder*, for defendants.

THE MASTER. The chancellor having been concerned as counsel for one of the above parties, and an application to him for an injunction having, by his order, and a consent in writing which is filed, been referred to me ; and the counsel for the complainants, and also the counsel for the defendants above named, having appeared before me, and submitted said application without argument, time was taken by me to consider of the same.

The complainants, by their bill, seek for the discovery and production of the will of their father, Benjamin Bailey, alleged to be surreptitiously taken by William Stiles and Delia his wife,

---

* See ante, vol. 1, page 220.

[Bailey et al. v. Stiles et al.]

two of the defendants, as in the said bill is set forth; or if the said will is lost, destroyed or suppressed, that the true contents thereof may be ascertained, proven or established under the order and decree of this court. That the complainants may hold and enjoy the several tracts of land and premises devised to them respectively by said will, as in the said bill is set forth, and their title thereto be finally established and confirmed to each of them, their heirs and assigns, according to the true intent and meaning of the said will. That the defendants may execute proper releases, and be perpetually injoined from setting up any claim, or from prosecuting any other action or actions, as heirs at law of the testator, for said or any part of said tracts; that the complainants' title may be quieted, and for further relief.

The defendants demurred to certain parts of the bill, and answered to other parts.

The application of the complainants, in pursuance of notice, is to restrain and injoin the above named defendants from further prosecuting two certain actions of ejectment, brought since the filing of the complainants' said bill, by the defendants above named, in the supreme court of this state, to the term of May last. One of said actions is brought against William Bailey, Miles Bailey, Henry Bailey and Charles Bailey, and the other against William Bailey, being four of the complainants in the above cause, to recover the possession of the same lands and premises, or some part thereof, mentioned in the bill of complaint filed in the above cause; and by an agreement indorsed on said notice, it appears that the said actions of ejectment in effect are prosecuted as mentioned in said notice. In each of the declarations in the said ejectments, there appears to be a count on the joint demise of Stiles and wife and Bockover and wife, and separate demises, one by Stiles and wife and the other by Bockover and wife. There is also an affidavit, made on the twenty-seventh of June last, as to the truth of the allegations in the complainants' bill.

The above named defendants, by their demurrer, say there is not any equity in the complainants' bill by which a decree can

[Bailey et al. v. Stiles et al.]

be made against the said defendants, the validity of the said supposed will being matter of law and not of equity; which demurrer has been heretofore overruled. And Stiles and wife, by their demurrer to so much of the said bill as charged, among other things, that they surreptitiously and clandestinely took the said last will and testament and have either destroyed or concealed the same, say they were not bound to answer, and claimed the protection of the court, because the answer might criminate them; which demurrer was allowed, and they were protected from making their answer according to the order made for that purpose.

The said defendants, by their answer, say, that in or about the year eighteen hundred and twenty-nine, or some other time but when they cannot state with certainty, they heard that the said Benjamin had made a will, or that a will had been made for him the said Benjamin; but they deny that they ever said or admitted that the said Benjamin Bailey had made a will, or any writing purporting to be a will. And the said Bockover and wife, by their answer, say that they do not know whether the said Benjamin Bailey ever made a last will and testament or not, and if he did, they do not know where the same is, or what are the contents thereof, or whether the same was executed in such manner as to pass real estate; and they deny that they ever saw any last will and testament of the said Benjamin, and that they have any knowledge thereof other than what they have heard, and say they do not admit that the said Benjamin Bailey ever made any last will and testament sufficient to pass real estate, and they deny that the said Benjamin Bailey ever made any such will; and they insist that they, as heirs at law of the said Benjamin Bailey, with the other heirs of the said Benjamin, are entitled to the lands mentioned in the said bill.

The complainants' right to relief in this court having been considered in a former opinion upon overruling the defendants' demurrer, it will not be necessary to review that subject, but only to mention that the complainants, according to their case as stated in their bill, were entitled to relief.

[Bailey et al. v. Stiles et al.]

It only remains to consider the extent and effect of the defendants' answers to the said bill. And, as to Bockover and wife, the strength of their answer consists in saying, that they deny that the said Benjamin Bailey ever made any such will, having previously said that they do not know whether the said Benjamin Bailey ever made a last will and testament or not. This denial, at best, is only a denial that the testator made a will, when they do not know whether he did or did not make a will. In the opinion of the master, this is not a satisfactory denial of the complainants' equity.

As to Stiles and wife, they protect themselves from answering on the ground that their answer may criminate them, which leaves the complainants' equity as to them unanswered.

Bockover and wife have united with Stiles and wife, not only in defending this suit, but have also united in the two actions of ejectment in question, and claim the lands alleged to be devised to the complainants upon joint as well as several demises; and, so far as concerns the present application, Bockover and wife must be subject to the same order as Stiles and wife.

I do therefore advise your excellency, that the complainants are entitled to an injunction, not on the priority of their suit in this court only, but on the merits of their case, (as appears from the pleadings,) to restrain the above named defendants from further prosecuting the said two actions of ejectment until the further order of this court to the contrary. In what stage these suits are, has not been stated, but there has been no suggestion that any judgment has been obtained.

This injunction is applied for on the ground of the prayer for an injunction contained in the complainants' bill, but on examining the same there does not appear to be any prayer for the process of injunction. In 5 *Con. Eng. Chan. R.* 117; 3 *Simons*, 273, *Wood* v. *Beadell*, an injunction was prayed for in the prayer of the bill, but was omitted in the prayer for process, and on that account an injunction was refused, but leave was given to amend. I would respectfully suggest to your excellency the propriety of requiring the complainants first to amend their bill,

[Bailey et al. v. Stiles et al.]

by adding the prayer for process of injunction, and that such amendment might be annexed to the said bill as there are affida.. vits referring to said bill—the said complainants amending the defendants' office copy gratis when left with the clerk for that purpose.

Although, in my opinion, the bill ought to be so amended, yet as no exception was taken to the bill on account of that omission, I see no reason in this case why the chancellor should not take such course in respect to said amendment as shall be considered best for the practice of the court.

ELIAS VANARSDALE,
Master in Chancery.